# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

O'Ohsica Defoe,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 92-20 ADM/FLN
Civil No. 10-273 ADM

---

O'Ohsica Defoe, pro se.

Erika R. Mozangue, Esq., Assistant United States Attorney, Minneapolis, MN, for Plaintiff.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant O'Ohsica Defoe's ("Defoe") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 49], Motion for Appointment of Counsel [Docket No. 55], and Motion for Enlargement [Docket No. 56]. For the reasons set forth below, the motions are denied.

## II. BACKGROUND

In 1992, Defoe was indicted on charges of kidnapping and rape committed within Indian country, in violation of 18 U.S.C. §§ 1201(a), 2241(a), and 1153(a). See Mot. to Vacate at 1. Defoe pleaded guilty to the kidnapping charge, Plaintiff United States of America ("the Government") dismissed the rape charge, and Defoe was sentenced by Judge Donald Alsop on August 4, 1992, to 64 months' imprisonment and three years of supervised release. Id. at 1. Defoe filed this Motion to Vacate on January 28, 2010.

## III. DISCUSSION

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of the sentence prescribed by the court. See United States v. Addonizio, 442 U.S. 178, 185 (1979). A prisoner is entitled to an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A hearing is unnecessary if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). Here, the record conclusively shows that Defoe is not entitled to relief on his claims.

Defoe completed the sentence for his 1992 federal kidnapping conviction in August 1998, and he is no longer in federal custody. See Opp'n to Mot. to Vacate [Docket No. 54] at 2, n.2. Accordingly, relief under § 2255 is not available. See Kandiel v. United States, 964 F.2d 794, 796 (8th Cir. 1992). Instead, Defoe's request for relief would have to be made through a writ of coram nobis. See id.

However, recharacterizing the Motion to Vacate as a writ of coram nobis would not revive Defoe's cause of action here. Review through a writ of coram nobis is an "extraordinary remedy" available "only under circumstances compelling such action to achieve justice and to correct errors of the most fundamental character." Id. (quotations omitted). A movant "must articulate the fundamental errors and compelling circumstances for relief in the application for coram nobis." Id. at 796-97. Although it is apparent from Defoe's submissions that he contests

the State of Minnesota's insistence that the 1992 federal kidnapping conviction requires that he register as a predatory offender, he fails to articulate any fundamental errors regarding that federal conviction.  The Court concludes that Defoe is not entitled to relief on his Motion to Vacate, and, therefore, the Motion for Appointment of Counsel and Motion for Enlargement are also denied as moot.

## IV.  CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court finds it unlikely that another court would decide the issues raised in this Motion to Vacate differently, or that any of the issues raised in Defoe's petition would be debatable among reasonable jurists.  Thus, the Court declines to grant a certificate of appealability.

## V.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that O'Ohsica Defoe's Motion under 28 U.S.C. § 2255 to Vacate, Set

Aside, or Correct Sentence [Docket No. 49], Motion for Appointment of Counsel [Docket No. 55], and Motion for Enlargement [Docket No. 56] are **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: May 7, 2010.